IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STACEY WOODS,　　　　　　　　　　　　　　No. 6:14-cv-01766-HZ

　　　　　　　Plaintiff,　　　　　　　　　　　　　OPINION & ORDER

　　v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

　　　　　　　Defendant.

Richard F. McGinty
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309

　　Attorney for Plaintiff

Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Thomas M. Elsberry
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff Stacey Woods brings this action for judicial review of the Commissioner's final decision denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c) (3)). For the reasons that follow, the Commissioner's decision is reversed and remanded for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI on June 28, 2011, alleging an onset date of December 10, 2010. Tr. 161.[1] His application was denied initially and on reconsideration. Tr. 68, 79. On May 8, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 28-59. On May 17, 2013, the ALJ found Plaintiff not disabled. Tr. 9. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on the condition of his heart and lungs. Tr. 165. He testified that the biggest impediment to working is that he requires frequent restroom breaks due to his medication, Lasix. Tr. 47. He also testified that his medication makes him tired and, therefore, he often takes one or two naps a day. Id. In addition, Plaintiff testified that he suffers from back pain, shortness of breath, and fatigue. Tr. 47-55.

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 12.

Plaintiff was forty-four years old at the time of the administrative hearing. Tr. 43. He attended high school through the eleventh grade. Id. He has past work experience as a general laborer and driver, janitor, and caregiver. Tr. 43-44.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§

404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: heart arrhythmia, idiopathic thickening of the heart muscle, chronic obstructive pulmonary disease aggravated by cigarette smoking, and obesity. Id. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Id. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform sedentary work except: (1) Plaintiff is unable to climb and crawl and is limited to occasional stooping, crouching, and kneeling; (2) Plaintiff should avoid hazards such as work at heights or near dangerous machinery; (3) Plaintiff should avoid pulmonary irritants such as noxious fumes and odors; and (4) Plaintiff must have ready access to a restroom. Tr. 15. The ALJ determined that Plaintiff had no past relevant work. Tr. 18. However, at step five, the ALJ determined that Plaintiff is able to perform jobs that exist in significant numbers in the economy, such as telemarketer, credit card interviewer, and office job worker/document clerk. Tr. 19. Thus, the ALJ determined that Plaintiff is not disabled. Id.

///

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff contends that the ALJ erred by: (1) failing to properly consider all of the functional limitations opined by medical expert Dr. Nelp and identifying two occupations that Plaintiff cannot perform when all of Dr. Nelp's limitations are accounted for; (2) failing to consider the effect of Plaintiff's need for frequent restroom access on his job productivity; and (3) failing to provide substantial evidence for finding Plaintiff not credible.

**I.      Dr. Nelp's Limitation on Plaintiff's Ability to Reach**

Dr. Wil Nelp, M.D., testified at Plaintiff's hearing as a medical expert and the ALJ gave his testimony and opinion "significant weight based on the supportability with medical signs and laboratory findings, consistence with the record, and area of specialization." Tr. 17. However, despite Dr. Nelp's testimony that Plaintiff was limited to "occasional" reaching, the ALJ failed to include that limitation in the hypothetical he posed to the vocational expert (VE). Tr. 37-38. The VE identified two jobs, document clerk and credit card reviewer, which require "frequent" reaching. Therefore, the reaching requirement of those jobs exceeded the medical opinion that the ALJ determined was worthy of "significant weight."

At Step Five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite [his] identified limitations." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995); see also 20 C.F.R. § 416.920(g). In order for the testimony of a VE to be considered reliable, the hypothetical posed must include "all of the claimant's functional limitations, both physical and mental" supported by the record. Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570–71 (9th Cir. 1995)).

Defendant concedes that the ALJ erred. Accordingly, the Court finds that the ALJ's failure to include a limitation on reaching in the hypothetical was error, and the subsequent identification of the occupations of document clerk and credit card interviewer is not supported by substantial evidence.

**II.     Effect of Plaintiff's Need for Frequent Restroom Access on Productivity**

According to Defendant, the ALJ's error regarding the occupations of document clerk and credit card interviewer was harmless because the ALJ nevertheless identified a job,

telemarketer, which Plaintiff can perform that exists in substantial numbers in the local and national economy.

If, as here, a claimant has no past relevant work, the burden shifts to the Commissioner at step five of the sequential analysis to establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). The Commissioner may carry this burden by eliciting the testimony of a VE based on "a hypothetical that sets out all the limitations and restrictions of the claimant." Andrews, 53 F.3d at 1043 (citation omitted). "[T]he assumptions in the hypothetical must be supported by the record." Id.

Plaintiff testified that his medication, Lasix, causes him to need a restroom break every 20-30 minutes. Tr. 47. Despite discounting Plaintiff's credibility, the ALJ accepted Plaintiff's testimony that he requires restroom breaks every 20 minutes. Tr. 17. The ALJ explained that the RFC provided an accommodation that Plaintiff have ready access to a restroom in order to account for Plaintiff's needs. Id. Consequently, the ALJ posed the following hypothetical to the VE:

> This will be hypothetical number two. Assume the individual we described in hypothetical number one, but add the additional restriction that this person would need ready access to a restroom. And for purposes of this hypothetical assume that it does not affect the productivity of the worker.

Tr. 56. The VE responded: "All three sample occupations are performed indoors in an office setting with close proximity to a restroom, so it would not affect my testimony[.]" Tr. 57.

Plaintiff argues that a functional limitation of "ready access to the restroom . . . [which] does not affect the productivity of the worker" is illusory because an individual's productivity would necessarily be affected if he was using the restroom 2-3 times per hour. Defendant responds that Plaintiff's estimates regarding the amount of time he would spend on restroom breaks is speculative.

The Court agrees with Plaintiff that "ready access to a restroom" does not account for a limitation on the ability to work due to the need for restroom breaks every 20 minutes. See, e.g., Koch v. Astrue, No. CV. 08-609 PK, 2009 WL 1743680, at *18 (D. Or. June 15, 2009) (ALJ's limitation of claimant to jobs that allowed "easy access to a restroom" did not account for the "frequent and lengthy trips to the restroom" that the claimant described in his testimony). This case differs from Hopper v. Colvin, No. 6:13-CV-01525-HZ, 2014 WL 6473566, at *5 (D. Or. Nov. 14, 2014), in which this Court found that the ALJ did not err by including identical language in the RFC, limiting the claimant to "ready access to a restroom but not with a frequency that would affect productivity." In Hopper, the claimant testified that because of a medication, when he needed to use a restroom, he needed to be close to the restroom because the need was urgent. Id. Neither the medical record nor the claimant's testimony in Hopper supported any conclusion about the frequency of the claimant's restroom trips. Id. In contrast, Plaintiff in this case testified that he required frequent restroom trips and the ALJ adopted Plaintiff's testimony. Then, the ALJ provided no explanation, nor did he point to any evidence in the record, to support the conclusion that such trips would not affect productivity.

The question of whether or not there were jobs that Plaintiff could perform, despite requiring restroom trips every 20 minutes, should have been posed to the VE. Because the ALJ did not pose a hypothetical to the VE that included all of Plaintiff's limitations, the VE's testimony that Plaintiff could perform the job of telemarketer does not constitute substantial evidence. Andrews, 53 F.3d at 1044. Furthermore, this Court is unable to say that the error was harmless. The ALJ's instruction to the VE to assume that Plaintiff's restroom breaks did not affect his productivity precluded the VE from fairly and accurately considering whether Plaintiff

could work as a telemarketer, despite his need for frequent breaks. Because the hypothetical question was flawed, reversal is required.

III.     **Plaintiff's Credibility**

In assessing the credibility of a plaintiff's testimony regarding the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. § 404.1529. First, the ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting a plaintiff's testimony regarding the severity of the symptoms. Id. at 1284; see also Lingenfelter, 504 F.3d at 1036.

Here, the ALJ found Plaintiff to be a "less than credible witness" for two reasons: (1) the ALJ assumed that Plaintiff had deceived the United States government by failing to report income for tax purposes; and (2) the ALJ stated that Plaintiff failed to comply with medical advice to quit smoking and was dishonest with his treatment provider about whether he had quit. Defendant concedes that both of these reasons were improper and unsupported by substantial evidence. Defendant declines to defend the ALJ's credibility determination based on these two issues.

Nevertheless, Defendant argues that the ALJ provided two other clear and convincing reasons for finding Plaintiff's subjective allegations of disability incredible. Defendant argues that Plaintiff's allegations of disabling limitations were not borne out by the record and were contradicted by the third party statement of Plaintiff's roommate, Dela Connes.

However, the reasons provided by Defendant were not, in fact, relied upon by the ALJ in determining Plaintiff's credibility. This Court cannot affirm a decision by an ALJ based on a *post*

*hoc* rationalization of the ALJ's decision. See Bray, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citations omitted); see also Chenery Corp., 332 U.S. at 196 ("[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make, [courts] must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."). Even if Defendant has accurately captured the ALJ's line of reasoning, it is the ALJ that must explain his decision, not this Court. Accordingly, Defendant's attempt to rationalize the ALJ's decision *post hoc* is unavailing. See, e.g., Hopper, 2014 WL 6473566, at *10. The ALJ erred by failing to provide clear and convincing reasons for discounting Plaintiff's credibility.

**IV.     Remand for Further Proceedings**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138–39 (9th Cir. 2011) (quoting Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)).

Here, Plaintiff concedes that the record has not been fully developed and that further administrative proceedings would be useful. Plaintiff asks this Court to remand for additional adjudication. The Court agrees that further administrative proceedings are necessary.

**CONCLUSION**

Based on the foregoing, the Commissioner's decision is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this \_\_\_14\_\_\_ day of \_\_\_December\_\_\_, 2015

_____
MARCO A. HERNÁNDEZ
United States District Judge